IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

      Plaintiff,                            No. CIV S-02-0573 FCD EFB P

      vs.

MICHAEL CRY, et al.,

      Defendants.                       ORDER

_____/

        Plaintiff is a prisoner without counsel suing under 42 U.S.C. § 1983.  Before the court are plaintiff's motion filed August 4, 2006 seeking a complete set of copies of documents that defendants filed with the court, a motion plaintiff entitles "motion to compel."  Also before the court are plaintiff's motions for sanctions filed July 6, 2006, and September 13, 2006.

        In his "motion to compel," plaintiff claims that defendants, on three occasions, provided plaintiff with incomplete copies of documents that defendants have filed with the court.  This allegedly includes defendants' motion for summary judgment in which defendants neglected to include all of the pages to their Exhibit F.  It also includes defendants' notice of correction filed four days later, and defendants' amended Exhibit F filed two days thereafter, each purporting to include the missing forms.  Plaintiff claims that despite defendants' efforts to correct and amend their filings, he was still without Attachments A and B to Exhibit F.  Defendants have filed

1

nothing in opposition to plaintiff's motion.  Accordingly, good cause appearing, plaintiff's motion is granted and defendants are hereby ordered to serve on plaintiff Attachments A and B to Exhibit F within seven days from the service of this order.

On July 6, 2006, plaintiff filed a motion for sanctions pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, seeking a court order prohibiting defendants "from using as evidence in this case information which they have now disclosed in their motion for summary judgment but which they did not provide to plaintiff as required by Rule 26(e)(2)."  Rule 37(c)(1) provides in relevant part, "[a] party that without substantial justification fails to disclose information required by ... Rule 26(e)(2), is not, *unless such failure is harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any ... information not so disclosed" [emphasis added].  Plaintiff states that defendants ultimately provided him with the information upon filing their motion for summary judgment.  That plaintiff was ultimately provided with the discovery he seeks and can show no prejudice flowing from the delay in its delivery is the very essence of a *harmless failure* to comply with Rule 26(e)(2).  Plaintiff's motion is without merit and is therefore denied.

On August 22, 2006, plaintiff filed another motion for sanctions for the alleged intimidation of plaintiff's witness, together with a request for an evidentiary hearing in order to determine the extent of the alleged violation.  On September 13, 2006, plaintiff filed an amended motion for sanctions, superseding the previous motion, yet containing the same allegations. Plaintiff contends in his motion that, on August 10, 2006, his witness, Aaron P. Martin, a fellow inmate, informed him that B.C.Williams, the Litigation Coordinator for the California Medical Facility where plaintiff is housed, sought to verify the witness' signature.  Mr. Martin did as requested.  The following day, B.C. Williams visited Mr. Martin's work site and put him on the telephone with defense counsel in this matter.  Defense counsel questioned Mr. Martin regarding his signature verification and asked him to sign another document attesting to the authenticity of the signature in question.  Mr. Martin complied.  Defense counsel then questioned Mr. Martin

about the contents of his declaration. Mr. Martin later informed plaintiff that he felt intimidated by defense counsel and that he had no choice but to respond to her questioning. Plaintiff claims that the actions undertaken by defense counsel in this controversy were improper and unethical.

Nothing in the Federal Rules of Civil Procedure precludes the questioning of witnesses by opposing counsel at any time prior to trial. To the extent that plaintiff claims defense counsel intimidated his witness, he has failed to demonstrate that any intimidation occurred beyond the ordinary uneasiness one may feel in being questioned regarding one's statements. The witness in question is neither a retained consultant or expert. Rather, he purports to be a percipient witness over a matter in controversy. There is nothing inappropriate with defense counsel interviewing, or having interviewed, a fact witness about the contents of his declaration or any other matter material to issues anticipated for trial. Plaintiff's motion is without merit and therefore denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 4, 2006, "motion to compel" is granted;

2. Defendants shall produce and serve on plaintiff the discovery requested in plaintiff's motion to compel, or show cause why that they can not comply, within seven days of the date this order is served;

3. Plaintiff's motion for sanctions filed July 6, 2006, is denied; and

4. Plaintiff's motions for sanctions filed on September 13, 2006, is denied.

Dated: March 27, 2007

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE