IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

    Plaintiff,                  No. 2:02-cv-0573 FCD KJN P

  vs.

MICHAEL CRY, et al.,

    Defendants.             <u>ORDER</u>

                              /

        Plaintiff is a state prisoner at the California Medical Facility ("CMF"), in Vacaville, California, proceeding with counsel in this civil rights action. The case was remanded to this court on December 17, 2009, from the Ninth Circuit Court of Appeals, for further proceedings consistent with the court's decision in <u>Brodheim v. Cry</u>, 584 F.3d 1262 (9th Cir. 2009). That decision reinstated plaintiff's First Amendment retaliation claim pursuant to 42 U.S.C. § 1983, and his state law claim for violation of the Bane Civil Rights Act, California Civil Code § 52.1.[1] As addressed below, the presently named defendants in this action are former CMF Appeals Coordinator Michael Cry, former CMF Warden Ana Ramirez-Palmer, and former

---

[1] The California Bane Civil Rights Act provides a private right of action to individuals for conduct that "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by [such] individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1(a), (b).

CMF Chief Deputy Warden J. Valadez.

This case proceeds on plaintiff's Third Amended Complaint and Supplemental Pleading, filed September 22, 2004. (Dkt. No. 54.) Pursuant to status reports filed in June 2010 (Dkt. Nos. 210, 211), the parties disputed the continued viability of this case and whether plaintiff should be permitted to file a comprehensive Fourth Amended and Supplemental Complaint. This court ordered additional briefing (Dkt. No. 213), pursuant to which plaintiff submitted a proposed Fourth Amended and Supplemental Complaint and supporting motion; defendants filed an opposition; plaintiff filed a reply. (Dkt. Nos. 214-16.) The court has determined that a hearing is not necessary to render a decision on these matters and, for the reasons that follow, concludes that plaintiff shall be permitted to file only a Second Supplemental Pleading.

Defendants contend generally that this action warrants dismissal for mootness because plaintiff seeks only equitable and declaratory relief against the named defendants in their official capacities, each defendant has now retired, and plaintiff is unable to demonstrate a continuation of the alleged unconstitutional conduct by defendants' successors. Plaintiff responds that the alleged conduct he challenges continues, reflective of an ongoing policy, practice and/or custom by CMF officials, and, because plaintiff seeks only declaratory and equitable relief from defendants in their official capacities, these defendants' successors are automatically substituted as the current defendants in this action. Plaintiff nonetheless seeks to amend and supplement his complaint for the purpose of substituting as defendants the current CMF Warden and Chief Deputy Warden, as well as to set forth additional evidence of alleged retaliatory conduct and its alleged chilling effect on plaintiff's exercise of his First Amendment rights, and to add a prayer for attorney's fees. Defendants respond that plaintiff's proposals would improperly add new claims to this case and may require this court's abstention pending resolution of plaintiff's current state court litigation.

Amendment of the operative complaint is not required to substitute the defendants plaintiff now seeks to name, specifically CMF Warden K. Dickinson, and CMF Chief Deputy Warden V. Singh. (Dkt. No. 214, at 4, 214-1, at 1, 2.) Because the originally-named defendants were sued only in their official capacities for declaratory and injunctive relief, and the newly-identified individuals are successors in the official capacities held by the named defendants, the current Warden and Deputy Warden are already parties to this action. See Fed. R. Civ. P. 25(d)(1) (successor of public officer defendant named in his official capacity is automatically substituted as a party).[2] The Clerk of Court will be directed to amend the docket accordingly.

Nor is amendment (rather than supplement) of the operative complaint required to set forth the additional evidence proposed by plaintiff. While the proposed Fourth Amended and Supplemental Complaint is more current and concise than the currently operative Third Amended Complaint and Supplemental Pleading (largely because it does not reference defendants who have been dismissed from this action or their alleged conduct),[3] the operative pleadings have survived defendants' motion to dismiss (Dkt. Nos. 87, 90), and motion for summary judgment (Dkt. Nos. 205, 206).

Plaintiff summarizes as follows the new allegations he seeks to add (Dkt. No. 214, at 3-4) (original fn. omitted):

---

[2] The fact that Dickinson and Singh are automatically substituted as defendants in this action, coupled with plaintiff's allegations that the conduct he challenges remains ongoing, appears to render meritless defendants' argument that plaintiff's allegations against these defendants should be dismissed due to the alleged failure of plaintiff to exhaust his administrative remedies. Moreover, plaintiff alleges that he has in fact exhausted similar claims against these parties, which would likely be encompassed by this action pursuant to Rhodes v. Robinson, ___F.3d___, 2010 WL 3489777, *4 (9th Cir. Sept. 8, 2010) (authorizing addition of newly exhausted and related claims in a supplemental pleading).

[3] The Third Amended Complaint, filed September 2004, references events that occurred after this case was originally filed in March 2002 and are acknowledged as such (see Dkt. No. 54, at ¶¶ 32-35 (noting events November 2003 and January 2004)), while the Supplemental Pleading references events that occurred subsequent to those set forth in the Third Amended Complaint (see id. at pp. 12-13 (noting events June 2004)).

that: Cry sought to have [plaintiff] transferred because of his "focus on litigation" (paragraph 19);[4] an additional implicit threat was made against [plaintiff] (paragraph 22);[5] and that prison officials still have not admitted any violation of [plaintiff's] First Amendment rights (paragraph 23).[6]

Plaintiff concedes that "[a]lthough such allegations are not strictly necessary to make this evidence admissible to support Brodheim's claims for declaratory and injunctive relief, as this Court has previously found [citing Dkt. No. 98],[7] Brodheim believes that the addition of these allegations in the complaint will foster judicial economy by clarifying the issues for trial." (Dkt. No. 214, at 4 (fn. omitted).)

These new factual allegations come squarely within the purpose of a supplemental (rather than amended) complaint. "Rule 15(d) [Federal Rules of Civil Procedure] provides that a

---

[4] Proposed paragraph 19 provides in full (Dkt. No. 214-1, at 4-5):

On June 8, 2004, Cry sent a memorandum to his Supervisor, Associate Warden Veal, "formally document[ing] a continued concern of harassment and fixation exhibited by Inmate Brodheim." In this memorandum, Cry requested Brodheim's transfer because of his "focus on litigation."

[5] Proposed paragraph 22 provides in full (Dkt. No. 214-1, at 5):

On November 19, 2008, another inmate at CMF, Gerald Simmons, submitted a declaration stating that he had been informed by Correctional Officer L. Sanchez that the CMF administration wanted Brodheim removed from his position in the prison library because Brodheim was engaged in litigation against a prison official.

[6] Proposed paragraph 23 provides in full (Dkt. No. 214-1, at 5):

To date, no official at CMF, including Warden Dickinson, has admitted that Cry's conduct violated Brodheim's First Amendment right to seek redress of grievances, thereby ratifying his conduct as a policy at CMF.

[7] Plaintiff references the November 22, 2005 order of this court denying plaintiff's motion for leave to file a further supplemental pleading, wherein the court stated (Dkt. No. 98, at 1-2):

The action proceeds on the September 22, 2004, third amended and supplemental pleading and yet further amendment is highly disfavored. Moreover, the action is one for injunctive relief and supplemental pleading is not required to bring post-pleading events within the scope of the action. Plaintiff's January 12, 2005 motion for leave to file a supplemental pleading is denied.

court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the filing of the pleading to be supplemented, thereby bringing the case up to date. Leave must be sought by motion, upon reasonable notice to the other parties, and the court may impose such terms as are just. The purpose of subdivision (d) is to promote as complete an adjudication of the dispute between the parties as is possible." Wright, Miller, Kane & Marcus, 6A Fed. Prac. & Proc. Civ. § 1504 (2d ed. 2010). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action. See Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the original pleading. See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir.1988)." Estrada v. Rowe, 2010 WL 957120, *1 (N.D. Cal. 2010).

As plaintiff concedes, the newly proposed allegations are intended to add "no new claims," or "change the scope of the trial," but only "provide evidence of a continuation of [retaliatory] conduct by policy-making prison authorities," that is, "additional evidence of a custom or policy" allegedly demonstrating "retaliation by prison officials occurring since the last complaint was filed." (Dkt. No. 216, at 1-2.)[8] These statements support the presentation of plaintiff's additional factual allegations in a supplemental rather than amended complaint.

Authorizing only modest supplementation of the current pleadings also minimizes any possibility of conflict presented by plaintiff's separate state court action filed against, inter alia, Warden Dickinson. (See Opposition, Exh. A. (Brodheim v. Sanchez et al., Solano County Superior Court, Case No. FCS034441, "First Amended Complaint for Damages, Declaratory and

---

[8] Although plaintiff stated in his status report that he would seek leave to add a statutory damages claim under California's Bane Civil Rights Act (see Plaintiff's Status Report, at p. 2, item (e)), he did not include this claim for relief in his proposed Fourth Amended and Supplemental Complaint, and has not pursued the matter either in his motion in support of his amended complaint, or in his reply to defendants' opposition thereto. The court therefore finds that plaintiff does not seek leave to add a statutory damages claim under the Bane Civil Rights Act.

Injunctive Relief.")  In that action, filed in 2009, plaintiff seeks reinstatement to his work assignment at the prison law library.  Plaintiff, a Caucasian and college graduate, alleges that he began working at the library in late 2000, receiving average to exceptional ratings, but was terminated in November 2008, allegedly due primarily to the racial animus of defendant Sanchez, who was assigned to the library in July 2008.  Plaintiff filed a staff complaint against Sanchez in January 2009, and thereafter filed government tort claims against Sanchez and Dickinson.  Plaintiff alleges in his state action that he was removed from his position based primarily upon "impermissible racial factors," but also because of plaintiff's "litigation activities," and his legal claims, which emphasize an alleged denial of equal protection, include the alleged violation of plaintiff's First Amendment right to seek redress of grievances and plaintiff's rights under the Bane Civil Rights Act.  (Id., Dkt. No. 215-1, at 8.)

In addition to any potential conflict created by the same claims against Dickinson in plaintiff's state and federal actions, the court perceives an inconsistency in plaintiff's allegations against Sanchez in the state action and plaintiff's proposed allegations against Sanchez in this litigation.  Plaintiff seeks to add in the instant case the report of another inmate that Sanchez sought to terminate plaintiff "because Brodheim was engaged in litigation against a prison official." (Proposed Fourth Amended Complaint, at ¶ 22 (see n.4, supra).)  However, plaintiff's allegations against Sanchez in the state action focus on Sanchez' alleged racial animus toward plaintiff.  This dichotomy regarding Sanchez' primary motivation (and thus the alleged basis for Dickinson's authorization of plaintiff's removal from the library), as well as the parties' current disagreement (no motion has been filed) whether this action should be stayed pending resolution of plaintiff's state court action, supports a cautious approach toward amendment of plaintiff's federal complaint.

For the foregoing reasons, this court finds it prudent to proceed conservatively on the operative pleadings, permitting only limited supplemental pleading, and thereby

maintaining the existing separation between plaintiff's primary alleged facts and the alleged events occurring subsequent thereto.  Authorizing the filing of only a supplemental pleading will cause limited delay in this action, and minimal costs, and cannot reasonably be construed as prejudicial to defendants.  Fed. R. Civ. P. 15(d).

This approach will also accommodate plaintiff's request to amend his complaint to expressly seek attorney's fees and costs.  Plaintiff represented himself without counsel throughout most of this litigation; he obtained legal representation while this case was on appeal to the Ninth Circuit, and continues to rely on counsel on remand.  Defendants do not challenge plaintiff's right to seek attorney's fees and costs.[9]  This right has already been preserved by plaintiff's general request for "such further relief that the Court may deem just and proper" (Third Amended Complaint, at 11), and the rule that this court generally retains jurisdiction to make such an award, even if not expressly plead, see, e.g., Covenant Media of CA, L.L.C. v. City of Huntington Park, CA, 434 F. Supp.2d 785, 786 n. 1 (C.D. Cal. 2006) (federal court proceeded on determination by state trial court that the intent to seek attorney's fees need not be expressly plead because "incidental" to the underlying cause of action).  Nonetheless, plaintiff may plead such relief in a supplemental complaint.  See, e.g., Morscott, Inc. v. City of Cleveland, 936 F.2d 271, 273 (6th Cir. 1991); Universal Amusement Co., Inc. v. Hofheinz, 616 F.2d 202 (5th Cir. 1980).

////

////

---

[9] Pursuant to 42 U.S.C. § 1988, the court, in its discretion, may award reasonable attorney's fees as part of the costs of any action to enforce the Civil Rights Act pursuant to 42 U.S.C. § 1983.  Reasonable attorney's fees may also be awarded in a successful action under the Bane Civil Rights Act.  Cal. Civ. Code § 52.1(h).  However, an award of attorney's fees in prisoner cases must comply with the limitations of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)(1) (fee may be awarded only if "directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute to which a fee may be awarded under section 1988," and the amount "is proportionately related to the court ordered relief for the violation" or "directly and reasonable incurred in enforcing the relief ordered for the violation.")

For these several reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (Dkt. No. 214) to file a comprehensive Fourth Amended and Supplemental Complaint is denied;

2. Plaintiff shall, pursuant to the deadlines set forth in the Further Scheduling Order filed concurrently with this order, file a Second Supplemental Pleading limited to allegations of any additional events, relevant to plaintiff's presently existing claims, which occurred subsequent to the filing of plaintiff's Third Amended and Supplemental Complaint.

3. Defendants may file a supplemental responsive pleading, the parties may conduct limited discovery, and defendant may file a dispositive motion, pursuant to the deadlines and limitations set forth in the Further Scheduling Order filed concurrently herewith.

4. The Clerk of Court is directed to amend the docket to reflect that CMF Warden K. Dickinson is substituted as defendant in place of former CMF Warden Ana Ramirez-Palmer, and CMF Chief Deputy Warden V. Singh is substituted as defendant in place of former CMF Chief Deputy Warden J. Valadez.

SO ORDERED.

DATED: October 5, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brod0573.Supp.Cmplt